IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:15-HC-2070-FL

| | | |
|---|---|---|
| MARK NATHANIEL HOPE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JUSTIN ANDREWS, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on respondent's December 22, 2015, response to petitioner's July 20, 2015, motion to amend his petition (DE 10). In this posture, the matter is ripe for adjudication.

**STATEMENT OF THE CASE**

On May 14, 2007, petitioner pleaded guilty to one count of possession of a firearm and ammunition by a felon in violation of 18 U.S.C. § 922(g) and 924. See United States v. Hope, No. 5:06-CR-00167-F (E.D.N.C. May 14, 2007). On August 8, 2007, United States District Court Judge James C. Fox sentenced petitioner, as an armed career criminal, to a 210 month term of imprisonment. (Id.) Following his conviction and sentence, petitioner filed a notice of appeal. On April 1, 2008, the Fourth Circuit Court of Appeals affirmed petitioner's conviction and sentence. United States v. Hope, 272 F. App'x 224 (4th Cir. 2008).

On May 20, 2009, petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. On October 31, 2011, Judge Fox entered an order dismissing petitioner's § 2255 motion. Hope v. United States, No. 5:06-CR-167-1-F, 2011 WL 5169995 (E.D.N.C. Oct.

31, 2011). Petitioner appealed the dismissal of his § 2255 motion, and the Fourth Circuit dismissed petitioner's appeal on April 30, 2012. United States v. Hope, 472 F. App'x 195 (4th Cir. 2012).

On April 14, 2015, petitioner filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that his prior convictions for manslaughter and breaking and entering do not qualify as predicate offenses for the purposes of 18 U.S.C. § 924(e)'s Armed Career Criminal Act. On July 20, 2015, petitioner moved to amend his § 2241 petition to include his claim that the Fourth Circuit's decision in United States v. Newbold, 791 F.3d 455 (4th Cir. 2015), renders his conviction for possession with the intent to sell and deliver no longer a § 924(e) predicate offense. Respondent filed a response to petitioner's motion to amend on December 22, 2015.

## DISCUSSION

Respondent, in his December 22, 2015, filing, acknowledges that petitioner's claim pursuant to Newbold has merit, and that petitioner no longer qualifies as an armed career criminal pursuant to § 924(e). Because respondent concedes that petitioner is entitled to relief under Newbold and that petitioner no longer qualifies for the armed career criminal enhancement, petitioner's remaining claims challenging his armed career criminal enhancement are DENIED as MOOT. Because petitioner no longer qualifies as an armed career criminal, respondent requests that petitioner receive a prompt re-sentencing.

The court now is in the difficult position of being required to vacate a sentence imposed by another judge in this district. Other courts under similar circumstances have found that the interests of justice weigh in favor of transferring actions in this procedural posture to the sentencing court. See Outlaw v. Craig, No. 5:08-cv-00889, 2010 WL 454925, at *4 (S.D.W. Va. Feb. 2, 2010); Hayden v. Rivera, No. 1:08-cv-813, 2009 WL 3247448, at * 2 (M.D.N.C. Oct. 6, 2009) (finding re-

2

sentencing appropriate on Watson claim transferred from the United States District Court for the District of South Carolina to the sentencing court); Conley v. Crabtree, 14 F.Supp. 2d 1203, 1207-1208 (D. Or. 1998) (finding that if an action is within the class of cases in which a petitioner challenges his conviction and sentence through a § 2241 petition, then the case should be transferred to the district in which the petitioner was convicted and sentenced). Based upon the foregoing, the court finds that it is in the interest of justice to transfer this action to petitioner's criminal action in United States v. Hope, No. 5:06-CR-00167-F (E.D.N.C. May 14, 2007).

## CONCLUSION

For the foregoing reasons, petitioner may proceed with his Newbold claim, but his remaining two challenges to his armed career criminal enhancement are DENIED as MOOT. The clerk of court is DIRECTED to transfer this action to petitioner's criminal action, United States v. Hope, No. 5:06-CR-00167-F (E.D.N.C. May 14, 2007).

SO ORDERED, this 28th day of December, 2015.

LOUISE W. FLANAGAN
United States District Judge