IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:06-CR-00167-F-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| MARK NATHANIEL HOPE, | ) | |
| Defendant. | ) | |

This matter is before the court on Mark Nathaniel Hope's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 [DE-73] and Motion to Amend or Supplement [DE-74]. The issues have been fully briefed, and the matter is now ripe for ruling.

**I. Procedural Background**

On June 22, 2006, Hope was charged in a one-count indictment with possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924. *See* Indictment [DE-1]. At Hope's arraignment, held on May 14, 2007, he pled guilty to Count One pursuant to a written plea agreement [DE-27].

Hope was sentenced as an armed career criminal to 210 months' imprisonment on August 8, 2007. *See* Judgment [DE-29]. On August 17, 2007, Hope filed a Notice of Appeal [DE-30]. In an unpublished opinion [DE-41], the Fourth Circuit Court of Appeals affirmed this court's judgment.

On May 20, 2009, Hope filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-45]. Hope's § 2255 motion was dismissed on October 31, 2011.

Hope filed the instant *pro se* Petition for Writ of Habeas pursuant to 28 U.S.C. § 2241 [DE-73] on April 14, 2015. *Hope v. Andrews*, No. 5:15-HC-2070-FL. In his Petition, Hope alleges that his prior convictions for manslaughter and breaking and entering do not qualify as predicate offenses for the purposes of 18 U.S.C. § 924(e)'s Armed Career Criminal Act. On July 20, 2015, Hope filed his Motion to Amend or Supplement [DE-74] to add his claim that the Fourth Circuit's decision in *United States v. Newbold*, 791 F.3d 455 (4th Cir. 2015), renders his conviction for possession with the intent to sell and deliver no longer a predicate under § 924(e).

On December 28, 2015, Judge Flanagan entered an order concluding that Hope could proceed with his *Newbold* claim, but his remaining two challenges to his armed career criminal enhancement were denied as moot. Order [DE-77] at 3. Judge Flanagan also directed the Clerk of Court to transfer the action to Hope's criminal action, *United States v. Hope*, No. 5:06-CR-00167-F (E.D.N.C.). *Id.*

## II. Discussion

In *Newbold*, the Fourth Circuit applied *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc), to determine whether a North Carolina sentence imposed under the Fair Sentencing Act qualified as a serious drug offense for purposes of § 924(e)(2)(A). *Newbold*, 791 F.3d at 463. The court looked to the presumptive sentence that an offense carried and whether the defendant's state court judgment has "aggravating factors supporting a sentence within the aggravated range," that is, a sentence above the presumptive sentence. *Id.* The court required the existence of aggravating factors even when the defendant received a consolidated sentence with other offenses. *Id.*

In its Response, the Government acknowledges that Hope's argument under *Newbold* has

2

merit. Gov't's Resp. [DE-76] at 2. Hope was convicted in North Carolina in 1994 of possession with intent to manufacture, sell, and deliver cocaine. *Id.* Exh. A. Although the statutory maximum term, as stated on the judgment, was ten years for that offense, the decision in *Newbold* renders that conviction no longer a § 924(e) predicate. *Id.*

Hope's presumptive sentence on his 1994 drug offense was three years. *Id.* The record reveals "no aggravating factors supporting a sentence within the aggravated range."[1] *Newbold*, 791 F.3d at 463. Thus, under the logic of *Newbold*, the maximum sentence Hope could have faced on his drug-possession charge was three years, rendering his conviction no longer a "serious drug offense" under § 924(e)(2)(A), which requires that the offense have a "maximum term of imprisonment of ten years or more."

In sum, Hope has only two predicate convictions, voluntary manslaughter, PSR ¶ 9, and breaking and/or entering, PSR ¶ 15. Three predicate convictions are required for a defendant to be sentenced under § 924(e) as an armed career criminal. Accordingly, Hope is no longer an armed career criminal under § 924(e).

### III. Conclusion

In light of the foregoing, including the Government's concessions, Hope's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 [DE-73] and Motion to Amend or Supplement [DE-74] are ALLOWED to the extent that Hope's August 8, 2007 Judgment [DE-29] of conviction and sentence hereby is VACATED, and he is to be promptly resentenced without the

---

[1] Even if aggravating factors were present, the state court was not required to make such findings here because the sentence was imposed pursuant to a plea agreement. The Fourth Circuit did not find that distinction persuasive in *Newbold*, 791 F.3d at 463.

3

§ 924(e) enhancement.[2]

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) that jurists of reason would find it debatable whether the petition states a valid claim of denial of a constitutional right and (2) that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484). The court has reviewed the arguments raised, and in light of the applicable standard, a certificate of appealability is DENIED.

SO ORDERED.

This the 13 day of January, 2016.

James C. Fox
Senior United States District Judge

---

[2] As discussed, Hope's *Newbold* claim has merit, but the remaining two challenges to his armed career criminal enhancement are DENIED as moot.

4